IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division



BONNIE J. MAYO,

    Plaintiff,

v.                                       CIVIL ACTION NO. 4:13cv163

WELLS FARGO BANK, N.A.,
FEDERAL HOME LOAN MORTGAGE CORP.,
and
SAMUEL I. WHITE,

    Defendants.

## *MEMORANDUM OPINION & ORDER*

    Before the Court is Plaintiff Bonnie Mayo's Request for an Emergency TRO [Temporary Restraining Order]/Preliminary Injunction to Stay Eviction. Dkt. No. 21. Plaintiff's Amended Complaint raises various state law claims against Defendants pertaining to the refinancing of her home. That home was foreclosed in 2011 and purchased by Defendant Wells Fargo. Plaintiff, however, has remained in the home, and Defendants recently obtained a judgment in an unlawful detainer action in state court. Pursuant to that judgment, Plaintiff received an eviction notice, and seeks to stay the eviction pending the resolution of her underlying claims against Defendants. The Court held a hearing on the matter on February 6, 2014, and the matter is fully briefed and ripe for disposition. Because granting Plaintiff relief would violate the Anti-Injunction Act, 28 U.S.C. § 2283, Plaintiff's' Request for a Preliminary Injunction is **DENIED**.

## I. FACTUAL AND PROCEDURAL HISTORY

The relevant facts Plaintiff alleges in the Amended Complaint, Dkt. No. 12, are as follows. In December 2009, Plaintiff executed a refinancing of the mortgage on her home, reducing the interest rate by 0.5%. Am. Compl. ¶¶ 2-6. The Refinance Note required monthly payments of $1,251.96 to begin in February 2010. Am. Compl. ¶ 5. The named lender was Defendant Wells Fargo Bank, N.A. Plaintiff also executed a Deed of Trust to secure repayment of the Refinance Note, which named Defendant Samuel I. White, P.C. as the trustee. At some point thereafter, the loan was sold to Defendant Federal Home Loan Mortgage Corporation ("FHLMC"). Am. Compl. ¶ 52. Plaintiff alleges that she understood that the loan would not require escrow payments because she did not receive proper disclosure statements when she finalized the refinancing. Am. Compl. ¶¶ 9-10. For that reason, she did not make escrow payments billed to her by Wells Fargo and in June 2010, Wells Fargo declared her in default. Am. Compl. ¶¶ 15, 23. The home was foreclosed a year later, in June 15, 2011. Am. Compl. ¶ 31.

Plaintiff twice declared bankruptcy: once before the foreclosure, and once after. Both proceedings were ultimately dismissed. Defts' Mem. in Opp. to Pltf's Req. for TRO, Dkt. No. 22, at 1-2. After the United States Court of Appeals for the Fourth Circuit denied Plaintiff's appeals from the second bankruptcy proceeding on October 4, 2012, Defendant FHLMC filed an unlawful detainer action in state court on November 20, 2012. *Id.* at 2. The York County General District Court granted possession to FHLMC on December 18, 2012, and Plaintiff appealed to the York County Circuit Court. *Id.* Nearly a year later, on December 11, 2013, that court also granted possession to FHLMC, and its judgment became final on January 12, 2014. *Id.* at 2-3.

In the meantime, Plaintiff had filed the first iteration of the instant complaint in state court

2

on April 23, 2012. Defendants ultimately removed that case to this Court in December 6, 2013, pursuant to 12 U.S.C. § 1452(f), which allows removal to federal court "at any time before trial" in cases in which FHLMC is a party. The parties have fully briefed Defendants' Motion to Dismiss the Amended Complaint, a matter which is currently pending. On February 3, 2014, Plaintiff was served with a notice of eviction scheduled for February 11, 2014 in execution of the judgment of possession. Arguing that the eviction should be stayed pending the outcome of her pending suit, Plaintiff requests that this Court grant a Temporary Restraining Order or a Preliminary Injunction. Defendant filed an Opposition to that Request on February 5, 2014, and the Court held a hearing on February 6, 2014.

## II. DISCUSSION

Plaintiff's written filing exclusively addresses why she satisfies the four-factor test for imposing a preliminary injunction set forth in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008). Defendants' Opposition contends that she is not entitled to success under that framework, but further argues that consideration of *Winter* is unnecessary because to grant Plaintiff the TRO or Preliminary Injunction that she seeks would violate the Anti-Injunction Act, 28 U.S.C. § 2283, which provides:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

"The Act 'is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of [the] three specifically defined exceptions.' *Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970). Because the Act

reflects and respects 'the fundamental constitutional independence of the States and their courts, the exceptions should not be enlarged by loose statutory construction.' *Id.* at 287." *Ackerman v. ExxonMobil Corp.*, 734 F.3d 237, 250 (4th Cir. 2013).

Specifically, Defendants maintain that injunctive relief preventing the eviction would "stay proceedings in a State court" within the meaning of the Act: namely, the final judgment granting possession to FHLMC. Although Plaintiff did not address the Anti-Injunction Act in her written pleadings, at the hearing her counsel appeared to concede that while injunction would indeed be a stay of state court proceedings, the circumstances of this case satisfied one of the latter two exceptions of the Act because Plaintiff was not able to challenge the validity of FHLMC's possession in the unlawful detainer action. There is correctly little dispute as to whether a preliminary injunction or TRO would fall within the purview of the Act as a stay of proceedings in state court. The final judgment of the state court in this case awarded possession of the house to FHLMC, Dkt. No. 21-1, and an order from this Court staying the eviction would prevent the effectuation of that judgment. As the Supreme Court noted in a case involving a prior version of the statute, the term "proceedings" "is comprehensive" and "includes all steps taken or which may be taken in the state court or by its officers from the institution to the close of final process. . . . It applies alike to an action by the court and by its ministerial officers; applies not only to an execution issued on a judgment, but to any proceeding supplementary or ancillary taken with a view to making the suit or judgment effective." *Hill v. Martin*, 296 U.S. 393, 402-03 (1935). Further, it covers "parties to the state court litigation as well as the court itself." *Winkler v. Eli Lilly & Co.*, 101 F.3d 1196, 1201 (7th Cir. 1996).

4

Accordingly, the only question remaining is whether one of the Act's exceptions applies, being mindful of the Fourth Circuit's guidance that its "exceptions are construed narrowly." *Employers Resource Management Co., Inc. v. Shannon*, 65 F.3d 1126, 1130 (4th Cir. 1995). Neither party has pointed to a federal statute expressly authorizing a stay of Plaintiff's eviction pursuant to the Act's first exception. Similarly unavailing to Plaintiff is the third exception for a preliminary injunction necessary to "protect or effectuate [the Court's] judgments," as that exception "is designed to allow a federal court to enjoin state proceedings dealing with the same issues that it fully adjudicated on the merits," *Bailey v. State Farm Fire and Cas. Co.*, 414 F.3d 1187, 1189 (10th Cir. 2005), and there is no matter pertaining to the pending eviction that was fully adjudicated in a federal court.

Plaintiff may therefore obtain relief only if a stay of the eviction is "necessary in aid of [the Court's] jurisdiction." § 2283. The first of the two, the "jurisdictional" exception, has traditionally been applied principally to *in rem* proceedings, and means that the injunction "may be necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Atlantic Coast Line*, 398 U.S. at 295. The mere "possibility" that the state proceeding "might interfere with a protected federal right" does not mean that an injunction is "necessary" within the meaning of the Act. *Zurich Am. Ins. Co. v. Superior Court for State of California*, 326 F.3d 816, 825 (7th Cir. 2002). Plaintiff in fact raises no federal claims at all in her Amended Complaint. *Cf. Caulder v. Durham Housing Auth.*, 433 F.2d 998 (4th Cir. 1970) (applying the jurisdictional exception to prevent an eviction where the state court proceeding did not give the tenant an adequate forum for her constitutional claim). And her eviction would in no

5

way prevent the Court from addressing the Virginia common-law claims that she does raise, all but one of which are for money damages. Plaintiff's remaining claim is for equitable rescission of the 2011 foreclosure, but granting her that relief would not be affected by whether or not she actually lived in the house.

Denying Plaintiff's requested relief under the Anti-Injunction Act is in accord with decisions by other district courts in similar circumstances. *See, e.g., Seidel v. Wells Fargo Bank, N.A.*, Civil Action No. 12-10766, 2012 WL 2571200, at *2 (D. Mass. July 3, 2012).

### IV. CONCLUSION

For the reasons stated above, Plaintiff's Request for an Emergency TRO [Temporary Restraining Order]/Preliminary Injunction to Stay Eviction is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
February 7, 2014

/s/
Raymond A. Jackson
United States District Judge