IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

BONNIE J. MAYO,

      **Plaintiff,**

      v.                                       **CIVIL ACTION NO. 4:13cv163**

WELLS FARGO BANK, N.A., et al.,

      **Defendants.**

## *MEMORANDUM OPINION AND ORDER*

This Memorandum Opinion and Order is issued after a bench trial in the above-styled matter to resolve breach of contract and equitable action to rescind foreclosure claims.

On December 6, 2013, Defendants Wells Fargo Bank ("Wells Fargo"), Federal Home Loan Mortgage Corporation ("Federal Home Loan"), and Samuel I. White ("Samuel White") (collectively "Defendants"), removed this action from York County Circuit Court. On December 30, 2013, Plaintiff Bonnie Mayo ("Plaintiff") filed an Amended Complaint alleging (1) Breach of Contract; (2) Breach of Fiduciary Duty; (3) Tortious Interference with Contract; (4) Equitable Action to Rescind Foreclosure; and (5) Abuse of Process. On April 11, 2014, after full briefing by the parties, the Court granted in part and denied in part Defendants' Motion to Dismiss. The Court dismissed Counts Two, Three, and Five, and dismissed Count One in part, leaving in place Plaintiff's contention that the notice provided to her was inadequate pursuant to Section 22 of the Deed of Trust.

The Court held a bench trial on November 18, 2014. The parties have filed post-trial briefs and this matter is now ripe for judicial determination. The Court issues the following Findings of Fact and Conclusions of Law, as required by Rule 52(a) of the Federal Rules of Civil

Procedure. For the reasons set forth herein, the Court **FINDS** Defendants not liable and enters judgment for Defendants.

## I. FACTUAL FINDINGS

### A. Factual and Procedural History

On December 14, 2009, Plaintiff entered into a financial transaction to refinance a loan on her Williamsburg, Virginia property. At closing of the refinance on December 14, 2009, Plaintiff signed a Promissory Note ("Note") and executed a Deed of Trust to secure payment. The Note named Wells Fargo, the servicer of her loan plan, as Lender. On three separate occasions, April 18, 2010, May 16, 2010, and June 13, 2010, Wells Fargo sent default and acceleration notices to Plaintiff, which she admits she received. Notice of foreclosure was sent to Plaintiff on May 12, 2011, and again Plaintiff admits that she or her agent received it. On June 15, 2011, Plaintiff's property located at 101 Quill Place, Williamsburg, Virginia was foreclosed upon, and purchased by Wells Fargo.

On April 19, 2013, Plaintiff filed an Amended Complaint against Defendants in the Circuit Court for York County, Virginia. On December 6, 2013, this Court received a Notice of Removal, ECF No. 1. On December 30, 2013, Plaintiff filed an Amended Complaint.[1] On April 11, 2014, after full briefing by the parties, the Court granted Defendants' Motion to Dismiss Counts Two, Three, and Five of the Amended Complaint, and much of Count One. The Motion was denied with respect to whether Plaintiff received proper notice under the Deed of Trust on Count One and with respect to Count Four in its entirety. The Court held a bench trial on November 18, 2014, and the parties have since submitted their post-trial briefs. This matter is now ripe for judicial determination.

---

[1] Though styled as an Amended Complaint, this was technically Plaintiff's Second Amended Complaint, as the removed complaint was the first Amended Complaint.

## B.    Stipulated Facts

The parties have stipulated to the following facts, which the Court accepts and finds:

1.  On December 14, 2009, the Plaintiff signed a Promissory Note dated December 31, 2009 and executed a Deed of Trust dated December 31, 2009, to secure repayment of a loan from Wells Fargo to Bonnie J. Mayo in the amount of $228,000.

2.  The Note was a refinance of an existing loan and named Wells Fargo Bank, N.A. as the lender.

3.  The Note identified as exhibit P1 and D5 to the Final Pretrial Order is a true and accurate copy of the Note executed by the Plaintiff.

4.  The Deed of Trust identified as exhibit P2 and D6 to the Final Pretrial Order is a true and accurate copy of the Deed of Trust executed by the Plaintiff.

5.  On April 18, 2010, May 16, 2010, and June 13, 2010, Wells Fargo sent default and acceleration notices to Bonnie J. Mayo, which she received.

6.  Notice of foreclosure was sent to the Plaintiff on May 12, 2011, and the Plaintiff or her agent received it.

7.  The Plaintiff knew no later than May 15, 2011, that the date of the foreclosure sale of 101 Quill Place, Williamsburg, Virginia, was June 15, 2011.

8.  The property located at 101 Quill Place, Williamsburg, Virginia, was foreclosed upon on June 15, 2011.

9.  Wells Fargo purchased the property located at 101 Quill Place, Williamsburg, Virginia at the foreclosure sale.

10. The Trustee's Deed identified as exhibit P14 to the Final Pretrial Order is a true and accurate copy of the Trustee's Deed from the foreclosure sale of 101 Quill Place, Williamsburg, Virginia.

## C.    Additional Factual Findings

The Court has made the following additional factual findings:

1.  The Deed of Trust, at Section 22, specifically notes that any acceleration notice "…shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale." P. Ex. 2.

2.  Each of the three default acceleration notices sent to Plaintiff by Wells Fargo included the language, "[i]f foreclosure is initiated, you have the right to argue that you did keep your promises and agreements under the Mortgage Note and Mortgage, and to present any other defenses that you may have." D. Ex. 10, 11, 12.

3.  Plaintiff testified that she never received a letter explicitly alerting her of her right to bring a court action in response to a possible foreclosure. Trial Tr. at 10.

4.  Plaintiff testified that she thought bankruptcy was her only option in response to a possible foreclosure. Trial Tr. at 44.

5.  Plaintiff filed for bankruptcy on August 12, 2010. Trial Tr. at 36.

6.  Plaintiff filed a Petition for a Writ of Mandaums in an unrelated matter in the Circuit Court for James City County/Williamsburg on July 1, 2010. D. Ex. 495.

## II. CONCLUSIONS OF LAW

1.  This Court has subject matter jurisdiction under 12 U.S.C. § 1452(f), which permits the Court to hear claims against Federal Home Loan Mortgage Corporation.

2. This Court has personal jurisdiction over Plaintiff because Plaintiff is domiciled in Virginia. This Court has personal jurisdiction over Defendants because all Defendants consented to removal.

3. Venue is proper under 28 U.S.C. § 1391 in any judicial district in which the defendant is properly subject to personal jurisdiction. 28 U.S.C. § 1391(b) and (c). Venue is proper pursuant to § 1391 because a substantial part of the acts giving rise to the claims occurred in this District, and Defendants have sufficient connection with the Eastern District of Virginia.

4. Plaintiff's Breach of Contract claim is governed by Virginia Law.

5. In Virginia, a Plaintiff bringing a breach of contract claim must prove: (1) the existence of a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach. *Filak v. George*, 267 Va. 612, 619, 594 S.E.2d 610, 614 (Va. 2004).

6. The Note and the Deed of Trust created a legally enforceable obligation of Defendants to Plaintiff.

7. A deed of trust serves two important purposes. First, the deed protects the borrower from acceleration of the debts and foreclosure on the securing property prior to fulfillment of the conditions precedent it imposes. Second, the deed secures the lender-beneficiary's interest in the parcel it conveys. *Mathews v. PHH Mortg. Corp.*, 283 Va. 723, 724 S.E.2d 196, 200 (Va. 2012).

8. A deed of trust is "construed as a contract...and we consider the words of [a] contract within the four corners of the instrument itself." *Mathews*, 283 Va. at 724. A lender "must comply with all conditions precedent to foreclosure in a deed of trust even if the

borrower is in arrears." *Fairfax County Redevelopment & Hous. Auth. V. Rieske*, 281 Va. 441, 445-46 (Va. 2011).

9. When the Court seeks to determine whether an alleged breach of contract is material. A "material breach is a failure to do something that is so fundamental to the contract that the failure to perform that obligation defeats an essential purpose of the contract." *Countryside Orthapedics, P.C. v. Peyton*, 261 Va. 142, 154, 541 S.E.2d 279, 285 (Va. 2011).

10. A deficient acceleration notice "may constitute a material breach." *Johnson v. Fed. Home. Loan Mortg. Corp.*, 2013 WL 3663058 (W.D. Va. July 11, 2013). However, "immaterial differences in language will not nullify a substantially conforming notice of acceleration." *Id.* at * 10.

11. A Court of the United States District Court for the Eastern District of Virginia has held that the identical language of the instant acceleration letter fulfilled the lender's obligation under a similar Deed of Trust. *See Matanic v. Wells Fargo Bank, N.A.*, 2012 WL 4321634 (E.D. Va. Sept. 19, 2012).

12. Another Court of the United States District Court for the Eastern District of Virginia held that where a lender did not use language identical to the Deed of Trust in its acceleration notice, but still gave sufficient notice of plaintiff's ability to assert rights and defenses, "any deficiency in that regard is immaterial." *Cole v. GMAC Mortgage, LLC*, 2011 WL 4007672 (E.D. Va. Sept. 7, 2011).

13. A Court of this Circuit, when faced with the same language as both the instant Deed of Trust and the instant acceleration letter, has found that using the words "right to argue" as

opposed to "right to sue" does not affect the essential purposes of the Deed of Trust. *Townsend v. Fed. Nat'l Mortg. Assoc.*, 923 F. Supp. 2d 828, 836 (W.D. Va. 2013).

14. Slight changes in language between the Deed of Trust and an acceleration letter that do not affect a Borrower's rights are differences in form rather than substance. *Belote v. Bank of America*, 2012 WL 6608973 (E.D. Va. Dec. 18, 2012).

15. While the Supreme Court of Virginia has never expressly answered the question of whether strict compliance or substantial compliance is required with respect to a Deed of Trust, that court has held that substantial compliance with the requirements set forth in a deed of trust is sufficient "so long as the rights of the parties are not affected in a material way." *Va. Hous. Dev. Auth. V. Fox Run Ltd. P'ship*, 255 Va. 356 (Va. 1998); *Bailey v. Pioneer Fed. Savings & Loan Assoc.*, 210 Va. 558 (Va. 1970).

16. The general rule is that "language in a notice to cure alerting a borrower to the right to assert a legal defense is sufficient despite the absence of a specific reference to a lawsuit or court of law." *Cades v. Bank of N.Y. Mellon*, 2013 WL 6212592 (D. Mass. Nov. 29, 2013) (citing *Townsend v. Fed. Nat'l Mortg. Assoc.*, 923 F. Supp. 2d 828, 836 (W.D. Va. 2013).

17. Plaintiff's Equitable Action to Rescind Foreclosure is governed by Virginia Law.

18. Virginia courts have, in equity, recognized claims to set aside foreclosure sales after they occur because of some problem with the sale. *E.g.*, *First Funding Corp. v. Birge*, 257 S.E.2d 861, 866 (1979); *Cromer v. De Jarnette*, 51 S.E. 2d 201 (1949); *Wills v. Chesapeake W. Ry. Co.*, 16 S.E.2d 649, 652 (1941) ("[W]here the deed of trust authorizes the trustee to sell the property upon the request of the beneficiary or creditor therein secured, such request is a condition precedent of the trustee's right to sell, and in the

absence of such request the sale may be set aside in a court of equity."); *Harrison v. Manson*, 95 Va. 593 (1898); *Rossett v. Fisher*, 52 Va. 492 (1854); *Walker v. Va. Housing Dev. Auth.*, 63 Va. Cir. 358 (2003).

19. A sale under a deed of trust "will only be set aside for weighty reasons; it will not be declared a nullity on mere technical grounds." *In re Tr.'s Sale of Prop. of Brown*, 67 Va. Cir. 204 (2005) ("[N]ot all defects in a foreclosure sale render the sale void. A sale under a deed of trust will only be set aside for weighty reasons; it will not be declared a nullity on mere technical grounds.").

## III. DISCUSSION

The Court must resolve two questions: (1) Was Wells Fargo's notice to Plaintiff, in its three acceleration letters, insufficient to meet the notice requirements of the Deed of Trust, and (2) Is Plaintiff entitled to rescission of the foreclosure. For the reasons stated below, the Court **FINDS** that Plaintiff has failed to meet her burden of proof on both issues, and therefore enters judgment for Defendants on both claims.

### A.    Count One – Breach of Contract

Plaintiff contends that Defendants breached the Deed of Trust by not specifically notifying Plaintiff of her right to bring a court action. ECF No. 64 at 9. Specifically, Plaintiff argues that the Deed of Trust, "clearly states that the notice of the right to cure 'shall' advise the borrower of the right to bring a court action and raise any defense." *Id.* The entirety of Plaintiff's argument rests on the assertion that the word "shall" in the Deed of Trusts means that any failure by Defendants to specifically note that Plaintiff has the right to initiate a lawsuit in court is a material breach of the contract. *Id.* at 10. Citing only a case from another state's Supreme Court, Plaintiff argues that the standard of compliance in this case is strict compliance.

*In re Krohn*, 203 Ariz. 205 (Ariz. 2002) ("Therefore, lenders must strictly comply with the Deed

of Trust statutes, and the statutes and Deeds of Trust must be strictly construed in favor of the

borrower."). Plaintiff further argues that "the failure to give the notice [specifically with respect

to the right to sue in court] defeats an essential purpose of the contract, thus it is material." ECF

No. 64 at 12.

Defendants concede that the language contained in the acceleration notice was different

language than that which was contained in the Deed of Trust. ECF No. 65 at 10. However,

Defendants argue, the language of the acceleration notice was the "functional equivalent" of the

language in the Deed of Trust. *Id.* Defendants posit that substantial compliance is the standard

to which lenders are held under Virginia law. *Id.* Even if strict compliance is required,

Defendants argue that "strict compliance does not necessarily mean punctilious compliance, if

with minor deviations from language described [], there is still a substantial, clear disclosure of

the fact or information demanded by the applicable statute or regulation." ECF No. 65 at 10.

Specifically, Defendants argue that the acceleration notice's language informing the borrower of

the right to raise defenses to acceleration and sale is sufficient despite the absence of a specific

reference to a lawsuit or a court of law. As evidence of Plaintiff's alleged understanding of her

right to bring suit, Defendants point to a bankruptcy lawsuit she filed on August 10, 2010. *Id.*

Under Virginia law, a viable breach of contract claim has three elements: "(1) a legally

enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that

obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Filak v.*

*George*, 594 S.E. 2d 610, 614 (Va. 2004). The relevant contract, which Defendants do not

dispute is binding, is the Deed of Trust dated December 14, 2009. Am. Compl. ¶ 50. The parties

dispute whether Plaintiff actually suffered harm as a result of the foreclosure—with Defendants

suggesting that Plaintiff's alleged lack of ability to make loan payments, her initiation of a bankruptcy suit, and the existence of time to cure all eliminated any prejudice Plaintiff would have suffered as a result of foreclosure. The Court does not address the issue of damages, because, as discussed below, the Court finds that Plaintiff has failed to prove breach.

A "material breach is a failure to do something that is so fundamental to the contract that the failure to perform that obligation defeats an essential purpose of the contract." *Countryside Orthopedics, P.C. v. Peyton*, 261 Va. 142, 154, 541 S.E.2d 279, 285 (2011). 10. A deficient acceleration notice "may constitute a material breach." *Johnson v. Fed. Home. Loan Mortg. Corp.*, 2013 WL 3663058 (W.D. Va. July 11, 2013). However, "immaterial differences in language will not nullify a substantially conforming notice of acceleration." *Id.* at * 10. There is no evidence in the record to support Plaintiff's argument that the notice Wells Fargo provided to her was insufficient.

The Court agrees with the parties that the acceleration letters never specifically articulated a right to initiate a "court action," however each letter informed Plaintiff of her right to argue against acceleration and to present any other defenses that she may have. In *Matanic v. Wells Fargo Bank, N.A.*, 2012 WL 4321634 (E.D. Va. Sept. 19, 2012), a court of this District held that an acceleration letter that used the exact same language of the instant acceleration letter did not constitute a material breach of a Deed of Trust worded like the Deed of Trust in this case. In its April 11, 2014, Memorandum Opinion and Order, this Court noted that it disagreed with the *basis* for the *Matanic* court's conclusion—that the court there based its determination on whether there was a material breach under Virginia law. This Court notes that a non-material breach could be a breach itself. The question here is whether the Court finds that there was any breach, material or non-material.

On three separate occasions, Plaintiff was informed that "[i]f foreclosure is initiated, you have the right to argue that you did keep your promises and agreements under the Mortgage Note and Mortgage, and to present any other defenses that you may have." D. Ex. 10, 11, 12. While the language "right to argue" is surely distinct from "right to sue" or "right to initiate court action," that difference alone is plainly insufficient to render notice ineffective. *Townsend v. Fed. Nat'l Mortg. Assoc.*, 923 F. Supp. 2d 828, 836 (W.D. Va. 2013) (holding that the language "right to argue" did not violate the Deed of Trust, and was therefore sufficient to give notice to the borrow of the right to bring an action in court). *See also Cole v. GMAC Mortgage, LLC,* 2011 WL 4007672, at *3 (E.D.Va. Sept. 7, 2011) (holding that notice informing borrowers of their right to defend the existence or non-existence of default and to assert rights under state law was sufficient); *Matanic,* 2012 WL 4321634, at *5 (holding that the exact acceleration letter notice that exists in this case is sufficient under Virginia law).

In the Commonwealth of Virginia, adherence to a Deed of Trust is measured by the standard of substantial compliance. *Va. Hous. Dev. Auth. V. Fox Run Ltd. P'ship*, 255 Va. 356 (Va. 1998); *Bailey v. Pioneer Fed. Savings & Loan Assoc.*, 210 Va 558 (Va. 1970). Substantial compliance exists where the rights of the parties have not been affected in any material way. *Va. Hous. Dev. Auth.,* 255 Va. at 360. The Court finds that Defendants have substantially complied with Section 22 of the Deed of Trust. Plaintiff, on three separate occasions, was put on notice that she was in default. In each acceleration letter, Plaintiff was informed of her right to argue that she kept her promises, and that she may present any other defenses. While the acceleration notices did not specifically mention the words "court action" or "lawsuit," each notice specified that Plaintiff could assert her rights, argue that she kept her promises and agreements, and that she could present defenses; this was sufficient to put Plaintiff on notice of her right to file suit.

The variance between the language of the Deed of Trust and the acceleration letters was not substantial and did not alter the borrower's rights, or render notice ineffective. Further, this specific language has been found sufficient by several courts of this District and Circuit, and the courts of other districts and circuits. This Court finds no meritorious reason to reach a different conclusion here.

Having satisfied itself that Plaintiff's Breach of Contract claim fails as a matter of law, the Court now addresses one final issue relating to Plaintiff's claim: that she never understood that she could enforce her rights in this case through the courts. Plaintiff testified at trial that she never received notice that she could actually file a lawsuit to enforce her rights, and that she believed her only avenue was through bankruptcy. Trial Tr. at 10; 44. While Plaintiff's subjective understanding of the acceleration letters does not affect the Court's conclusion regarding the adequacy of Wells Fargo's notice, the facts presented at trial demonstrate that Plaintiff knew how to utilize the courts. The Court admitted into evidence a Petition for Writ of Mandamus that Plaintiff filed through counsel in an unrelated matter on July 1, 2010. D. Ex. 495. The Court also notes that Plaintiff filed bankruptcy in August of 2010. Trial Tr. at 36. These facts indicate to the Court that Plaintiff received legal counsel and at the very least understood that she could use court actions to enforce her rights. However, even if the Court accepted Plaintiff's argument that she did not understand that she could bring a lawsuit in this case, Plaintiff's claim would still fail as a matter of law, as the notice provided to her by Wells Fargo was sufficient.

This Court now holds that the language of the acceleration letters did not constitute a breach of contract under Virginia law. Consistent with the Court's April 11, 2014, holding, it is unnecessary to resolve the question of whether the alleged breach was material or non-

material—both of which are recognized under the laws of Virginia. The Court therefore **FINDS FOR DEFENDANTS** on this claim.

### B.    Count Four – Equitable Action to Rescind Foreclosure

Plaintiff requests, in the alternative, that this Court enter an order rescinding the foreclosure and loan. ECF No. 64 at 15. In light of the Court's finding that there was no breach in this case, neither material nor otherwise, the Court finds no meritorious reason to order rescission. Nothing in Plaintiff's argument at trial or her post-trial brief supports an argument for such an extraordinary remedy. Plaintiff had an adequate remedy at law—her breach of contract claim. That the breach of contract claim fails is not reason alone to order rescission. Further, the Court is not satisfied that Virginia law would even recognize a stand-alone cause of action for wrongful foreclosure. *Hein Pham v. Bank of New York*, 856 F. Supp. 2d 809 (E.D. Va. 2012); *Sheppard v. BAC Home Loans Servicing LP*, 2012 WL 204288 (W.D. Va. Jan. 24, 2012). The Court therefore finds that Plaintiff has failed to meet her burden on Claim Four and therefore **FINDS FOR DEFENDANTS** on this claim.[2]

### IV. CONCLUSION

For the foregoing reasons, the Court **FINDS** that Plaintiff has failed to meet her burden of proof on both Count One and Count Four. Defendants substantially complied with the requirements of the Deed of Trust and Plaintiff has not demonstrated any grounds for the Court to order rescission of the foreclosure. Accordingly, **JUDGMENT IS ENTERED FOR DEFENDANTS.**

Further, Defendants' Motion to Strike Plaintiff's Brief, ECF No. 66, is **DENIED.**

---

[2] At the end of her Trial Brief, Plaintiff, at Section III, suggests that the Court consider sanctions against Defendants for what she identifies as "Fraud on the Court." ECF No. 64 at 15. The Court finds no evidence of conduct that warrants sanctions and accordingly refuses to *sua sponte* sanction Defendants. Defendants' Motion to Strike Plaintiff's Trial Brief, ECF No. 66, is **DENIED.** Plaintiff made no formal motion for sanctions, and the Court therefore finds a Motion to Strike inappropriate.

The Clerk is **DIRECTED** to send a copy of this Order to the parties and counsel of record.

**IT IS SO ORDERED**.

Norfolk, Virginia
March 4, 2015

Raymond A. Jackson
United States District Judge